# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> § <br> v.  § <br> § <br> SHALOM OLUMIDE AYOTUNDE § <br> § | Case No. 4:20-cr-00349 <br> Judge Mazzant |

### **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Application Requesting Compassionate Release (Dkt. #68). The Court, having considered the motion, the response, the record, and the applicable law, finds that the motion should be **DENIED.**

### BACKGROUND

Defendant Shalom Olumide Ayotunde pleaded guilty to the following counts: (1) one count of false statement in application for a passport, in violation of 18 U.S.C. § 1542 (Count 1 of the Information); (2) one count of false claim to United States citizenship, in violation of 18 U.S.C. § 911 (Count 2 of the Information); (3) two counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts 3 and 4 of the Information); and (4) one count of false statement to a bank, in violation of 18 U.S.C. § 1014 (Count 5 of the Information). On January 6, 2022, Defendant was sentenced to forty-six months of imprisonment on Counts 1, 3, 4, and 5, and thirty-six months of imprisonment on Count 2 (Dkt. #53). The sentences were all to be served concurrently (Dkt. #53). Defendant is currently serving his sentence at Victorville Medium II (Dkt. #68, Exhibit 2 at p. 2).

On February 13, 2023, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting that his health issues constitute extraordinary and compelling reasons for his compassionate release (Dkt. #68). On March 2, 2023, the Government responded

(Dkt. #69), and Defendant then filed an addendum to his original motion with supplemental medical records on March 7, 2023 (Dkt. #70).

## LEGAL STANDARD

### I. 18 U.S.C. § 3582(c)(1)(A)

A judgment of conviction imposing a sentence of imprisonment "'constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)); *see also* 18 U.S.C. § 3582(c). One such circumstance arises from 18 U.S.C. § 3582(c)(1)(A)(i), commonly referred to as compassionate release.

Section 3582(c) was enacted as part of the Sentencing Reform Act of 1984. Under the first iteration of the relevant provision, district courts were authorized to grant sentence reductions on the motion of the Director of the Bureau of Prisons ("BOP") if the BOP could establish the following conditions: (1) extraordinary and compelling reasons warranted a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction was warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Notably, Congress did not define "extraordinary and compelling reasons" or otherwise indicate how that phrase should be interpreted other than to specify that rehabilitation alone did not qualify. *Id.* (quoting 28 U.S.C. § 994(t)). Instead, Congress delegated that authority to the Sentencing Commission, directing it to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

The Sentencing Commission eventually followed Congress's direction to define

"extraordinary and compelling reasons" and promulgated United States Sentencing Guidelines ("U.S.S.G.) § 1B1.13. In application note 1 to § 1B1.13, the Sentencing Commission described what circumstances constitute "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A)(i). U.S.S.G. § 1B1.13 cmt. n.1. The Sentencing Commission essentially created four categories of "extraordinary and compelling reasons," which can broadly be characterized as: (1) circumstances arising from certain medical conditions; (2) circumstances arising from the age of the defendant;[1] (3) issues arising from the defendant's family circumstances;[2] and (4) other reasons that the BOP agrees are extraordinary and compelling in a specific case. *Id.* And because § 3582(c)(1)(A) requires that any sentence reduction be consistent with the Sentencing Commission's policy statements issued pursuant to § 994(t), the policy statements contained in § 1B1.13 were binding on district courts considering § 3582(c)(1)(A)(i) motions. *See United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (holding that the Sentencing Commission's policy statements issued pursuant to 28 U.S.C. § 994 are binding on district courts when considering motions brought under 18 U.S.C. § 3582(c)).

In 2018, Congress amended § 3582(c)(1)(A) with the passage of the First Step Act. The amendment provided that, in cases where the BOP does not file a compassionate-release motion on the prisoner's behalf, the prisoner may personally file a motion for compassionate release. *Shkambi*, 993 F.3d at 391–92. This was the First Step Act's only change to the compassionate-release framework. *Id.* at 391. Thus, while prisoners, in addition to the BOP, may now file

---

[1] Specifically, a defendant, who is at least 65 years old, who "is experiencing a serious deterioration in physical or mental health because of the aging process" and also "has served at least 10 years or 75 percent of his or her term of imprisonment" may meet the requirement that "extraordinary and compelling reasons" exist. U.S.S.G. § 1B1.13, n.1(B).

[2] Such family circumstances exist where: (1) a defendant has minor children whose caregiver dies or becomes incapacitated; or (2) "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, n.1(C).

3

motions for compassionate release, § 3582(c)(1)(A)(i)'s substantive requirements that govern a prisoner's entitlement to release remain the same. *See id*. at 392 ("But the [First Step Act] left undisturbed the other three § 3582 requirements.").

Following the First Step Act's expansion of who may file a motion under § 3582(c)(1)(A), courts were confronted with the question of whether the Sentencing Commission's definition of "extraordinary and compelling reasons," which was promulgated prior to the First Step Act when such motions could only be filed by the BOP, remained binding on district courts when considering compassionate-release motions. The Fifth Circuit addressed this question in *Shkambi*, holding that, while U.S.S.G. § 1B1.13 is a policy statement applicable to § 3582(c)(1)(A) motions filed by the BOP, it is inapplicable to § 3582(c)(1)(A) motions filed by prisoners. 993 F.3d at 392.[3] Accordingly, while U.S.S.G. § 1B1.13 dictates the meaning of "extraordinary and compelling reasons" when a § 3582(c)(1)(A) motion is filed by the BOP on a prisoner's behalf, it does not do so when, as here, a § 3582(c)(1)(A) motion is filed by a prisoner himself. *See id.* ("[T]he policy statement continues to govern where it says it governs—on the motion of the Director of the [BOP]. But it does not govern here—on the newly authorized motion of a prisoner." (internal quotations omitted)). Therefore, when a prisoner files a compassionate-release motion, courts must determine what constitutes an "extraordinary and compelling reason" under § 3582(c)(1)(A)(i).

## II.     Extraordinary and Compelling Reasons

Though the Court is not bound by the Sentencing Commission's policy statement in

---

[3] Several other circuits have similarly concluded that U.S.S.G. § 1B1.13 is inapplicable to such compassionate-release motions filed by prisoners. *See, e.g., United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). *But see United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021) (holding that U.S.S.G. § 1B1.13 is an applicable, binding policy statement for all § 3582(c)(1)(A) motions).

4

U.S.S.G § 1B1.13 and its accompanying application notes when considering compassionate-release motions filed by prisoners, the policy statement is not wholly irrelevant. Courts should still look to the policy statement for guidance in determining what constitutes "extraordinary and compelling reasons" for a sentence reduction when a prisoner files a compassionate-release motion. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to the [U.S.S.G.] § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *see also, e.g., United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused."). Using the policy statement as guidance when considering prisoner-filed compassionate-release motions is warranted for several reasons.

Whether a compassionate-release motion is filed by the BOP or a defendant, the statutory standard governing the motion is the same. Section 3582(c)(1)(A) provides that its requirements for obtaining a sentence reduction apply "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). And as noted above, the First Step Act did not change § 3582(c)(1)(A)'s substantive requirements. Thus, a policy statement defining "extraordinary and compelling reasons" in the context of BOP-filed motions necessarily informs what "extraordinary and compelling" means in the context of defendant-filed motions because the same standard governs both motions. In other words, § 3582(c)(1)(A)(i)'s "extraordinary and compelling reasons" phrase does not implicate shifting substantive meanings depending on who invokes the statute.

5

Congress's application of a single standard to govern § 3582(c)(1)(A) motions—whether filed by the BOP or by defendants—is also evident in § 3582(c)(1)(A)'s exhaustion requirement. Before a prisoner can file a compassionate-release motion, he must first present his case to the BOP and request that the BOP file the motion on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A). Fulfilling this exhaustion requirement would be a nonsensical exercise if the standard governing the defendant's entitlement to release varied significantly depending on whether the BOP grants the defendant's request. Defendants would request compassionate release based on the interpretation of "extraordinary and compelling reasons" applicable to their motions while the BOP would evaluate such requests based on the interpretation applicable to its motions. The fact that defendants must first ask the BOP to file their compassionate-release motions before doing it themselves indicates that Congress intended no significant substantive distinction between BOP-filed and defendant-filed motions under § 3582(c)(1)(A).

Indeed, § 1B1.13 does not become useless as guidance for defendant-filed compassionate-release motions simply because its terms state that it applies to motions brought by the Director of the BOP. Rather, § 1B1.13 and its accompanying application notes "provide a working definition of 'extraordinary and compelling reasons'" because the standard applies equally to BOP motions and prisoner motions. *Gunn*, 980 F.3d at 1180. When the Sentencing Commission promulgated § 1B1.13, its intent was not to specify a unique standard for BOP motions but rather to define "extraordinary and compelling reasons" for purposes of § 3582(c)(1)(A).

Further, 28 U.S.C. § 994(t) does not direct the Sentencing Commission to adopt standards governing prisoner motions and standards governing BOP motions. Rather, § 994(t) directs the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). And as the Sentencing Commission itself

6

has explained, U.S.S.G. § 1B1.13 and its application notes constitute the Commission's implementation of § 994(t)'s directive. *See* U.S.S.G. § 1B1.13 cmt. background ("This policy statement implements 28 U.S.C. § 994(a)(2) and (t)."). Because § 3582(c)(1)(A) governs BOP motions and prisoner motions alike, the Sentencing Commission's definition of § 3582(c)(1)(A)'s terms is instructive when considering a prisoner's motion brought under § 3582(c)(1)(A)(i).

For these reasons, the Court concludes that the "extraordinary and compelling reasons" applicable to defendant-filed motions are generally those that are similar in kind and scope to those listed in U.S.S.G. § 1B1.13's application notes. To be clear, the "extraordinary and compelling reasons" contained in the Sentencing Commission's policy statement are neither exhaustive nor binding on the Court. *Shkambi*, 993 F.3d at 392. But, in any event, the Court's analysis of whether Defendant has presented "extraordinary and compelling reasons" warranting the sentence reduction he seeks will be significantly guided—though not strictly bound—by the Sentencing Commission's description in U.S.S.G. § 1B1.13 and the accompanying application notes.

### III. 18 U.S.C. § 3553(a) Factors

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training,

7

> medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . .
>
> (5) any pertinent [Sentencing Commission] policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

### IV. Section 3582(c)(1)(A)'s Exhaustion Requirement

Ordinarily, the Court may only consider a modification to a defendant's sentence under § 3582(c)(1)(A)(i) if a motion for such modification is properly made by the Director of the BOP or by a defendant who has fully exhausted his administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) (quoting § 3582(c)(1)(A)) ("[A] defendant must submit a request to 'the Bureau of Prisons to bring a motion on the defendant's behalf.' . . . The statute's language is mandatory."). Where, as here, a defendant files a motion, a defendant fully exhausts his administrative remedies by first requesting the BOP to bring a motion on his behalf. *Id.*; *see also United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021). After that step, a defendant has one of two choices. *Garrett*, 15 F.4th at 338. One option is "to wait for a response from the BOP and seek further administrative review of that response (assuming it is adverse). On that path, only once he has 'exhausted all administrative rights to appeal' may he brings his motion in the district court." *Id.* (quoting § 3582(c)(1)(A)). The second option for a defendant is to wait thirty days after filing his request with the warden of his facility. § 3582(c)(1)(A); *Garrett*, 15 F.4th at 338.[4] Upon waiting thirty days, "whether the BOP has ruled

---

[4] BOP regulations define "warden" to include "the chief executive officer of . . . any federal penal or correctional

on the request or not," the defendant may file a motion in the district court. *Garrett*, 15 F.4th at 338.

This exhaustion requirement is a "mandatory claim-processing rule," which means a defendant may not waive it himself. *Franco*, 973 F.3d at 468; *see also United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) ("Because the statutory language is mandatory . . . we must enforce this procedural rule . . . ."). However, that is not to say the exhaustion requirement can never be waived. Section 3582(c)'s exhaustion requirement is a claim-processing rule—not a jurisdictional prerequisite. *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021). Thus, like other claim-processing rules, "the Government must 'properly raise the rule' before it will be enforced." *Id.* (internal brackets omitted) (quoting *Franco*, 973 F.3d at 468); *see also Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (cleaned up and citations omitted) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it . . . But an objection based on a mandatory claim-processing rule may be forfeited if the party asserting the rule waits too long to raise the point."). In turn, if the Government does not invoke the exhaustion requirement, the Court will deem the matter waived for the purposes of a defendant's motion under § 3582(c)(1)(A). *See Ward*, 11 F.4th at 361; *see also United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022) (finding abuse of discretion where the failure to exhaust administrative remedies was raised sua sponte).

## ANALYSIS

Defendant's compassionate-release motions turns on his assertion that his health conditions present an extraordinary and compelling reason for his compassionate release. The Government

---

institution or facility." 28 C.F.R. § 500.1(a); *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *cf. United States v. Campagna*, 16 Cr. 78-01 (LGS), 2020 WL 1489829, at *3 (S.D.N.Y. Mar. 27, 2020) (holding that "the denial of Defendant's request by the Residential Re-entry Manager suffices to exhaust his administrative rights").

9

opposes Defendant's request, arguing that (1) Defendant has not presented extraordinary and compelling reasons for his compassionate release, and (2) even if he did, the factors under § 3553 counsel against granting his pending motion. The Court agrees with the Government that Defendant's motion should be denied for both reasons.[5]

## I. Defendant Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release

The current motion is primarily based on a neck injury that Defendant previously sustained (Dkt. #70, Exhibit 2 at p. 5). Due to this injury, Defendant was prescribed medications, which he claims cause him side-effects such as constipation, heart palpitations, nausea, and sleep deprivation (Dkt. #68, Exhibit 2). In turn, Defendant alleges his neck condition, coupled with these side-effects, presents an extraordinary and compelling reason for his compassionate release. Also, Defendant urges that complications from a knee surgery is another reason for his compassionate release. After reviewing Defendant's medical history, the Court is not persuaded that extraordinary and compelling reasons exist here; therefore, Defendant has presented insufficient reasons for his compassionate release. *See United States v. Martinez*, No. CR 4:17-0561-1, 2023 WL 4033165, at *4 (S.D. Tex. June 15, 2023) (noting defendant generally has the burden of demonstrating reasons for compassionate release).

To reach this conclusion, the Court draws upon two important sources. First, in interpreting the meaning of "extraordinary and compelling" under § 3582(c)(1), the Fifth Circuit has explained that prisoners can seek relief under the statute only "when they face some extraordinary severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023) (citation omitted). Second, and as mentioned

---

[5] The Government agrees that Defendant exhausted his administrative remedies, so the Court will not consider if he properly did so. *See Ward*, 11 F.4th at 361.

10

previously, the Court looks to the Sentencing Guidelines as a helpful—though not determinative—resource in determining whether a prisoner has shown extraordinary and compelling reasons. Section 1B1.13's application note 1 provides the following two circumstances under which a defendant's medical condition may warrant a sentence reduction:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G § 1B1.13 cmt. n.1(A).

Considering these situations, as well as how the terms extraordinary and compelling have been defined by the Fifth Circuit, Defendant's current medical situation is not extraordinary and compelling within the meaning of § 3582(c). Namely, Defendant's medical records do not show that he suffers from a terminal illness, and there is no evidence that his physical conditions are so extraordinary that he is unable to receive adequate care in his facility. *See United States v. Howard*, No. 1:18-CR-56(7), 2023 WL 2815157, at *6 (E.D. Tex. Apr. 5, 2023) (citing *Thompson*, 984 F.3d at 433) (denying compassionate release because "none of [the defendant's] medical conditions are terminal or substantially diminish his ability to provide self-care, nor do they otherwise present extraordinary and compelling reasons justifying compassionate release"); *United States v. Cancino*, --- F. Supp. 3d ---, No. 12 CR 521, 2023 WL 2988815, at *2 (N.D. Ill. Apr. 18, 2023)

(denying compassionate release where defendant failed to submit evidence that health conditions could not be managed in prison environment and other evidence supported that his condition was managed effectively). As such, the Court finds that he does not suffer from a condition that supports granting his pending motion.

Take, for example, Defendant's neck injury. On January 3, 2023, a doctor examined Defendant's neck and found a "type II dense fracture" (Dkt. #70, Exhibit 2 at p. 2). However, it appears that doctors have consistently worked with him to provide a continuing plan of care and have consistently changed his medications to alleviate his pain (Dkt. #69) (Dkt. #70, Exhibit 6). Moreover, doctors have scheduled follow-up appointments to determine if he needs surgery, and if necessary, will schedule that on his behalf. To be sure, Defendant alleges that his doctors' course of treatment has been problematic, including complaints that a neck brace he has is "inconvenient" and his medication has led to certain side-effects (Dkt. #70 at p. 1). But this does not show that Defendant's neck injury is being mismanaged or his facility is providing inadequate care. On the medical records the Court has, it appears each time Defendant has complained about these side-effects, the medical staff at his facility has responded and tried to rectify any issues. As such, the Court finds that extraordinary and compelling reasons do not exist with respect to Defendant's neck injury. *United States v. Martines*, No. CR 94-127-3, 2022 WL 837243, at *8 (E.D. Pa. Mar. 21, 2022) ("While spinal stenosis is a painful condition, the medical records show it is being managed by the Bureau of Prisons with medication and surgical efforts. It does not today constitute extraordinary and compelling reasons justifying compassionate release.").

The same goes for Defendant's knee injury. Once more, there is no evidence that the medical staff is inattentive to his condition. There is also no evidence that his injury is extreme or out of the ordinary in any sense. Defendant also could possibly argue that his side-effects from

his medications—standing alone—constitute extraordinary and compelling reasons. But his ailments, like sleep deprivation, constipation, nausea, and dehydration (Dkt. #70), do not rise to the level of an "extraordinary severe exigency" that cannot be treated at his facility. *See Escajeda*, 58 F.4th at 186; *see also See United States v. Lewis,* No. 4:20-CR-100, 2003 WL 300131, at *1 (E.D. Tex. Jan. 18, 2023) (finding that defendant's anemia, sleep apnea, hypertension, rib pain, and additional medical conditions did not constitute "extraordinary and compelling reasons").

Weighing the evidence, Defendant fails to prove that his incarceration is "extraordinary and compelling" under § 3582(c)(1)(A)(i)'s framework. *See United States v. Stowe*, No. CR H-11-803(2), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019) (citation omitted) (stating that the defendant generally "has the burden to show circumstance meeting the test for compassionate release"). Thus, he is not entitled to compassionate release.[6] That said, the Court would still deny Defendant's motion for a separate reason.

## II. Section 3553's Factors Also Counsel Against Granting Compassionate Release

Even if Defendant's medical concerns were sufficient for a compassionate release, the Court would still deny his motion. In addition to showing extraordinary and compelling reasons for his compassionate release, Defendant must also show that 18 U.S.C. § 3553(a)'s factors support granting a sentence reduction. Although Defendant has not addressed these factors in his pending motion, the Government has. Accordingly, the Court has considered the record in this

---

[6] Finally, Defendant also references the fact he has served seventy-five percent of his sentence as a ground for compassionate release (Dkt. #70). He appears to be referring to Section 1B1.13 of the Sentencing Guidelines. Application note 1 to that Section provides that extraordinary and compelling reasons may exist if: "The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." This example is inapplicable to Defendant because he is not 65 years old, and there is no allegation that his physical conditions are tied to his age. At any rate, the Court still rejects Defendant's argument that time served—standing alone—constitutes extraordinary and compelling reasons, particularly when § 3553(a)'s factors do not support a sentence reduction, which is the case here. *See United States v. White*, No. CR 16-40, 2022 WL 850766, at *2 (E.D. La. Mar. 22, 2022) (holding time served did not provide extraordinary and compelling reasons when sentencing factors weighed against granting a sentence reduction).

case and the parties' arguments relating to the pending motion. Upon careful examination of § 3553(a)'s factors, the Court is convinced that compassionate release is unwarranted here because the factors counsel against granting Defendant's motion. Thus, his motion is also denied for this separate reason as well.

*   *   *

Under the rule of finality, federal courts may not "modify a term of imprisonment once it has been imposed" unless one of a few "narrow exceptions" applies. *Freeman v. United States*, 564 U.S. 522, 526 (2011) (citing 18 U.S.C. § 3582(c)) (plurality op.); *see also Dillon*, 560 U.S. at 819 (same). Compassionate release is one of those exceptions, but a defendant must conform both to the procedural and substantive requirements of § 3582(c)(1)(A) for a court to modify a sentence. Because Defendant has not met the controlling requirements for compassionate release set forth in § 3582(c)(1)(A)(i), his motion must be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Application Requesting Compassionate Release (Dkt. #68) is hereby **DENIED.**

It is further **ORDERED** that Defendant's *Pro se* Motion Requesting Status of Pending Motion (Dkt. #71) is hereby **DENIED** as moot.

**IT IS SO ORDERED.**
**SIGNED this 12th day of July, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE